## Case No. 14,085.

### TOMES et al. v. REDFIELD.

[7 Blatchf. 139.] [1]

Circuit Court. S. D. New York. Jan. 31, 1870.

TRIAL—VERDICT—RECORD OF—MISTAKE—STIPULATION—CUSTOMS DUTIES—PROTEST.

1. In this case, which was a suit against a collector of customs, for the return of duties, paid under protest, on commissions and charges, sundry words found in the record of the verdict, and which it appeared were not part of the verdict as rendered, but were inserted by a clerical mistake, were expunged by the court, and sundry other words, not found in the record of the verdict, and which it appeared were part of the verdict as rendered, but were omitted by a clerical mistake, were inserted by the court.

2. Effect of a written stipulation made by the attorney for the plaintiff with the attorney for the defendant, after verdict, in respect to the manner in which any question which should arise before the referee as to the sufficiency of a protest, should be disposed of, as an estoppel upon the right of the defendant to raise, by exception to the report of the referee, a question as to the sufficiency of such protest, considered.

3. The proper manner of adjusting a verdict for excessive duties on charges, stated.

This was an action, commenced in June, 1863, to recover back an excess of duties alleged to have been paid to the defendant [Heman J. Redfield], as collector of the port of New York, under protest, on sundry importations of merchandise from Europe. On the 6th of January, 1864, the case was brought to trial before the court and a jury, and a verdict was rendered in the following terms, as then recorded in the minutes of the court: "By consent of counsel, the jury find a verdict for the plaintiff, for the amount, with interest, of the excess of duties paid under protest, on more than two per cent. commission on all importations, specified in the bill of particulars in this cause, from the continent of Europe, except Paris, and on more than one and a half per cent. commission on importations from Great Britain; and a like verdict for the excess of duty paid under protest, on the importations, specified in the bill of particulars in this cause, *from the continent of Europe*, upon charges, above those set forth in the reports of Isaac Phillips, appraiser, dated October 13th, 1856, and of the several subsequent dates, the amount in this cause to be adjusted by the clerk of this court, or his deputy." On the 16th of March, 1865, an order was made revoking the reference of such adjustment. On the 28th

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

of March, 1867, an order was made referring it to R. E. Stilwell, Esquire, a commissioner of this court, to take and state an account of the claim of the plaintiffs [Francis Tomes and others] in the cause, and to assess their damages, upon the principles settled on the trial, being guided upon such reference by the rulings of law, and the charge to the jury, made by the court, and by the verdict rendered on the questions of fact submitted. On the 7th of August, 1869, it appearing to the court that the words "from the continent of Europe," above underscored, had been erroneously transcribed into the minutes of the court, as a part of the record of the verdict, and that those words formed no part of the verdict as given, an order was made expunging such words. On the same day that the verdict was rendered, January 6th, 1864, the attorney for the plaintiffs gave to the attorney for the defendant a written stipulation in reference to this case and several other cases, in which a like verdict had that day been given. The stipulation was in the following words: "As to the cases in which verdicts have been this day taken in the United States circuit court, and referred to the clerk, I do hereby stipulate, that if, in adjusting any of the verdicts in these cases, the clerk shall find the protests on which the verdict is based different from those in like cases which have been heretofore adjusted by himself, or by the custom-house, and any question shall arise as to the sufficiency of such protest, if it shall not appear to said clerk that the court has already passed upon it and held it to be valid, or the custom-house recognized it as sufficient, by refunding upon it in like cases, then the clerk shall report the same, with his findings, to the court, which shall decide the question." On the 3d of November, 1869, a motion was made by the plaintiffs to correct the record of the verdict as found in the minutes of the court, by inserting after the words, "and of the several subsequent dates," the words, "as modified by treasury instructions dated May 21st, 1863." That motion was ordered to stand over until the hearing on the report of the referee, without prejudice to its being then renewed.

On the foregoing state of facts, the reference proceeded before the referee. On the 20th of October, 1869, he filed his report. He reported that the plaintiffs were entitled to judgment on the verdict, for $3,078.66, as of the 12th of July, 1869. In the report, he said: "I do further find and report, that I have allowed, in such adjustment, a refund of duties on commissions on entries to which no specific protests are attached, but which are subsequent in date to the protest attached to entry per Pacific, January 9th, 1854, to which the first prospective protest against duty on commissions is attached, and that it is under such prospective protest that I allow all refunds upon commissions upon subsequent entries not specifically protested. Such protest was attached to an entry of portemonnaies from Paris, and is the same in form as other protests upon which adjustments have been made by me, under decisions of the courts, and I do further find and report, that I have allowed a refund on charges on entries to which no specific protests are attached, when such entries are of a date subsequent to the entry per Arctic, April 22d, 1854, to which entry is attached the first prospective protest against charges, and which is also in the same form as other protests upon which adjustments have been made by me, under decisions of the courts. The entries upon which refunds have been adjusted were made at different dates, between January 7th, 1854, and June 22d, 1857, and were for different kinds of goods, as shown by the entries and invoices." The case now came before the court on exceptions, filed by the defendant, to the report of the referee, and on a motion made by the defendant to vacate the order of the 7th of August, 1869, and on a renewal by the plaintiffs of their motion of the 3d of November, 1869.

William M. Evarts and Almon W. Griswold, for plaintiffs.

Edwards Pierrepont, Dist. Atty., and William Stanley, Asst. Dist. Atty., for defendant.

BLATCHFORD, District Judge. I see no ground for vacating the order of the 7th of August, 1869. The mistake in inserting in the record of the verdict in the minutes the words expunged by that order was, on the evidence laid before the court, clearly a clerical mistake, and those words formed no part of the verdict as rendered and as understood by both parties at the time.

As to the motion to insert in the record of the verdict, as found in the minutes of the court, after the words, "and of the several subsequent dates," the words "as modified by treasury instructions dated May 21st, 1863," I am satisfied, on the evidence produced, that the omission of those words was a clerical mistake, and that the verdict as given contained them. The then attorney for the defendant in the suit, who was the then attorney of the United States for the Southern district of New York, made a report to the collector of the port of New York, on the 31st of March, 1854, as to the particulars of the verdict, reciting it as containing the words in question. The motion is, therefore, granted.

The exceptions to the report will now be considered. The first exception complains, that the referee has allowed amounts paid for duties on commissions, without any protest against such payment having been made at the time thereof, or at any time, and without any protest having been made except the protest attached to the entry by the Pacific, dated January 9th, 1854; and that such protest was not sufficient to warrant the recov-

ery back of the payments made subsequent to such protest and without reference thereto, because it was a protest against the payment of duties on commissions on an importation of portemonnaies from Paris, and the collector received no notice that the plaintiffs desired that notice to apply to importations of various other articles not portemonnaies, imported from Great Britain subsequently, the duties on which are included in the amount reported. The defendant seeks, by this first exception, to raise and obtain a decision on the question as to the sufficiency of the prospective protest attached to the entry by the Pacific, as a protest in this case. But I do not think that the defendant is in a position to raise any such question in this case. The making of a proper protest in writing, at the time the alleged excessive duties were paid, was, under the statute, an indispensable prerequisite to the right of the plaintiffs to maintain a suit to recover back such excessive duties, and the fact that a verdict was rendered for the plaintiffs is conclusive evidence, at this stage of the case, that proof was given at the trial that such a protest was made. The verdict finds, that the excessive duties paid by the plaintiffs were paid under protest, that is, under such a protest as the law requires. The legitimate effect of such verdict cannot be varied except by the consent of the plaintiffs. Nothing is shown which is claimed to vary such effect, except what is found in the plaintiffs' stipulation of January 6th, 1864. That stipulation concedes this, and no more—that if, in adjusting the verdict, the clerk shall find the protests on which the verdict is based different from those in like cases which had been adjusted by himself, or by the custom-house, prior to the 6th of January, 1864, then, and only then, may a question be raised as to the sufficiency of the protests. It is for the defendant to show affirmatively, that the clerk, in adjusting the verdict, has found the protests on which the verdict is based to be different from those in like cases which had been adjusted by himself, or by the custom-house, prior to the 6th of January, 1864. The defendant does not show, by the report of the referee, who stands in the place of the clerk, or otherwise, that the referee had found any such fact to exist in reference to the protests on which the verdict is based. Therefore, the defendant cannot raise any question as to the sufficiency of the protests.

These views dispose, also, of the second exception, which is, that the protest attached to the entry by the Pacific was a protest against the payment of duties on commissions exceeding two and one half per cent., and conceded that two per cent. could properly be exacted, and that the referee has allowed the plaintiffs to recover back all duties paid on commissions on importations from Great Britain which exceeded one and a half per cent. The defendant is concluded as to the sufficiency of the protests, and the ref-

eree has strictly followed the verdict in allowing such recovery.

The third exception complains, that the referee has allowed amounts paid for duties on charges, without any protest against their payment having been made at the time thereof, and without any protest against their payment having been made at any time, and without any protest having been made, except the protest attached to the entry by the Arctic, of the date of April 22d, 1854. The decision in regard to the first exception applies to this one, and it is overruled.

The fourth exception complains, that there was no evidence before the referee that any of the duties which the plaintiffs had paid were upon charges, above those set forth in the report of Isaac Phillips, dated October 13th, 1856, or in his reports of subsequent dates, and that nevertheless it appears, by the report of the referee, that he has allowed to the plaintiffs various amounts, upon the theory that such amounts were excessive duties paid upon charges, above those set forth in said reports.

The fifth exception complains, that it appears, by the evidence, that the referee has included, in the amount reported by him, items of charges for inland freight in England and elsewhere, which are not above those set forth in any report of Isaac Phillips, dated October 13th, 1856, or of any subsequent date, and that, therefore, the verdict does not authorize their recovery.

The process by which the referee arrived at the amount which he has reported as due to the plaintiffs for excessive duties on charges, was to deduct the amounts which appeared, by the invoices and entries, to be the amounts of the charges for the transportation of the goods from the interior of the country by land or water carriage, incurred prior to the time of exportation, from the total amounts of costs and charges upon which duties were paid. He took, as his authority for doing so, the treasury instructions of May 21st, 1863, which contain this direction: "Collectors and others are informed that this department concurs in the decisions of the courts, that charges for transportation of goods from the interior of the country by railroad or water carriage, incurred prior to the time of exportation, cannot be added to the value of the goods, for the purpose of establishing their dutiable value." The entries covered by the report in the present case were made at various dates between January 7th, 1854, and June 22d, 1857. The act governing the fixing of the dutiable values of the goods embraced in those entries was the act of March 3d, 1851 (9 Stat. 629). It was decided by the circuit court for the district of California, in Gibb v. Washington [Case No. 5,380], that, under that act, charges for inland transportation were not dutiable, and it is understood that other decisions were made by courts of the United States to the same effect, prior to

May, 1863. Forman v. Peaslee [Id. 4,941]. The instructions of May, 1863, did not prescribe any new rule, but only recognized the proper construction of the act of 1851, in respect to charges for inland transportation, to be that set forth in the instructions. The verdict in this case, as now amended, and as it must be held to have always read, for all purposes, in saying that the refund is to be of the excess of duty paid upon charges above those set forth in the reports of Isaac Phillips, as modified by the treasury instructions of May 21st, 1863, means, that such treasury instructions are to control in respect to the charges which are to form part of the dutiable value of goods. The same instructions provide, that port charges, drayage, commissions and export duty are to be added, to fix the dutiable value of goods. In respect to the charges so to be added, the reports of Mr. Phillips as appraiser were necessary, and were adopted, as appears from the verdict in this case, by the government, as fixing the amounts of the charges so to be added. Such amounts were average amounts. fixed for importations from any one country, but varying between importations from different countries. But, in respect to charges that were not to be added, and which could form no part of dutiable value, such as charges for inland transportation. the law having so declared, if any such charges are found to have been contained in the invoices and entries, and to have entered into the values on which duties were paid, the plain method of arriving at the accurate dutiable values, is to deduct the amounts of such charges from the total amounts of the invoices and entries. This is just what the referee has done. Verdicts, in form precisely like the verdict in this case, were rendered at the same time in thirteen other cases brought for return of excessive duties paid under protest, five against this defendant, and eight against Collector Schell, one of those eight being a suit by these plaintiffs. Each verdict was, as is seen, one for excess of duty paid upon charges generally—not merely for excess of duty paid on charges for inland transportation, which were not dutiable at all, but for excess of duty on charges dutiable in kind, where the excess was in the amount of the charges. Hence, the language of the verdicts. Where it was necessary to resort to the reports of Mr. Phillips to ascertain the proper amount of charges, such resort was to be had. Where the charges were not dutiable at all, such as charges for inland transportation, no such resort was to be had, because it was unnecessary, and because the instructions of May, 1863, reciting the law, were to control. So, also, such instructions were to control the reports of Mr. Phillips, where they covered any point as to which resort was to be had to such reports

The exceptions are all of them overruled, and the report is confirmed, and judgment must be entered for the plaintiffs, on the verdict, for $3,078.66, with interest from July 12th, 1869.